## DAVID D. MANEY & N. BAXTER, Clerk & Master, *ex parte.*

### April Term, 1873.

HUSBAND AND WIFE—WIFE'S FUNDS IN COURT.—Under the Code funds in court belonging absolutely to a married woman cannot be paid to any person except by her consent, upon privy examination by the court, or a commissioner appointed by the court; or by deed, or power of attorney executed by husband and wife, with her privy examination taken as in other cases.

*J. D. Park*, for petitioners.

THE CHANCELLOR :—This is a petition, filed in the case of *Josephine T. Bryan, executrix*, v. *Mary D. Bryan*, to have the funds in that case belonging to the said Mary D. Bryan, amounting, at the rendition of the final decree in that cause, to the sum of $13,451.88, paid to the petitioner David D. Maney as the husband of the said Mary D., or that he be substituted as trustee for his wife without giving bond and security. The fund came to the said Mary D. by the will of her mother under a general residuary clause giving it to her absolutely without any restriction, and without settling it upon her to her sole and separate use. The fund is invested in notes secured by mortgages, and by the said final decree in said cause said notes and mortgages were directed to be assigned " to the clerk and master in trust for the said Mary D.," and they were assigned accordingly. The clerk and master joins in the petition and expresses his willingness to resign the trust, and submit to any order the court may make in the premises. The question raised by the petition is whether the court is authorized to make the order re-

quested. Outside of any statutory provisions, it is clear that the order would be proper. The fund belongs to the married woman, is derived from personalty, and the husband is entitled to reduce it into his possession unless the wife actively intervenes to claim a separate settlement.

The Code, however, contains several provisions of positive law on the subject. The first is embodied in § 2483, in these words : " The proceeds of real or personal property belonging to a married woman, cannot be paid to any person except by consent of such married woman upon privy examination by the court, or some suitable commissioner appointed by the court ; or, unless a deed or power of attorney is executed by the husband and wife, and her privy examination taken as in other cases."

This is a general provision of law under a general head of " provisions for the benefit of married women and their children." It is not confined to funds derived from judicial sales, nor in any particular mode, but is general and sweeping, and applies to any funds in court, no matter how obtained nor in whose hands the same may be.

The construction of this section was considered, but only incidentally, in *Snowden* v. *Lindsley*, 6 Cold. 125, in which case it was held that a creditor of the husband could not subject such a fund in court to the satisfaction of his debt until the husband had reduced it to possession, and the implication was that such a reduction into possession could not be made except in the form prescribed by the statute.

By the Code, §§ 3319 and 3320, the same provisions of law are specially repeated in regard to the proceeds of realty belonging to the wife sold for partition. And by § 4052 it is provided " the proceeds of the real and personal property belonging to a married woman, sold by order of any of the courts of this state, shall ·not be paid out by the clerk or any commissioner except as provided in §§ 3319 and 3320."

The provisions of the Code indicate clearly the intention of the legislature that the funds of married women, no matter how derived, which happen to be in the custody of the

courts; or clerks or commissioners of court, shall not be paid out except in one of the modes designated in §§ 2483, 3319 and 3320. In this view, the court has no authority to depart from the express direction of the statute. The order asked for cannot, therefore, be made under this petition.

The proper mode would be to suggest the marriage of the said Mary D. in the suit under which the fund is held, and make the husband a party, and then ask for an order that the fund be paid out to the wife in conformity with the statute law. But I see no objection to the husband and wife coming before the court in the mode adopted, by petition setting out the facts. In either case, the proper order is one, reciting the character of the fund, whence derived, and how it is held, declaring the right of the married woman to it, and directing it to be paid out by the clerk, commissioner, or trustee, as the case may be, according to the directions of the statute.